UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECH DATA CORPORATION,

    Plaintiff,

v.                                            CASE NO. 8:14-cv-1809-T-23MAP

MAINFREIGHT, INC.,

    Defendant.
_____/

**ORDER**

Alleging that Mainfreight, a shipping company, failed to deliver cargo, the plaintiff sues (Doc. 1). Under Rule 14(a), Federal Rules of Civil Procedure, Mainfreight sues (Doc. 6) two non-parties, Vitran Express and Central Transport. Mainfreight allegedly "booked the carriage of the [plaintiff's] cargo with Vitrans," which "carried the cargo from Pennsylvania to a terminal operated by Central . . . located in Norcross Georgia, where the cargo was stolen." (Doc. 6 ¶¶ 7, 9)

Mainfreight sues Vitran for indemnity both under the Carmack Amendment, 49 U.S.C. § 14706, (Count I) and under the common law (Count II). Mainfreight sues Central under the common law for indemnity (Count III) and for breach of implied bailment (Count IV). Moving (Doc. 6) to dismiss, Vitran and Central argue (1) that Counts II–IV are preempted, (2) that the Middle District of Florida is an improper venue for Count I, (3) that this dispute pends before the Eastern District of Pennsylvania, and (4) that Count I states no claim.

**1. Preemption**

"[T]he Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002). Vitran and Central argue that each of Mainfreight's three common law claims is preempted by the Carmack Amendment. Mainfreight concedes that Count II is preempted but argues that the Carmack Amendment is inapplicable to Counts III and IV. Count III alleges that Central had an obligation to handle safely and securely the cargo and that Central "negligently or carelessly failed to fulfill its duties and obligations in this regard by allowing the cargo to be stolen." (Doc. 6 ¶ 33) Similarly, Count IV alleges that Central's possession of the cargo created an implied bailment agreement, which Central breached by losing the cargo.

Central argues that, rather than allege "a claim for the loss of goods arising from the interstate transportation," Counts III and IV each "allege[] that the loss of goods arose from [Central]'s negligent storage / handling of the goods as a terminal operator." (Doc. 14 at 6) However, under 49 U.S.C. § 13102(23)(B), the Carmack Amendment defines "transportation" to "include[] . . . services related to [the movement of property], including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of . . . property." Thus, "only claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1248–49 (11th Cir. 2002). Because both Count III

and Count IV are "based on" conduct that caused the "loss of" the cargo, the Carmack Amendment preempts each claim.

**2. The Carmack Amendment's Venue Provision**

Mainfreight alleges Count I, the only remaining count, under 49 U.S.C. § 14706(b), which contains a special venue provision.[1] Under Section 14706(d)(1), "[t]rial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates." The syntactically opaque clause permits federal Carmack Amendment litigation only in "a judicial district . . . through which the defendant operates."[2]

Vitran argues that Section 14706(d)(1) prohibits litigating this action in the Middle District of Florida because Vitran conducts no operations "through" the Middle District of Florida. Vitran cites an unsworn declaration of Dean Kuska, a purported agent of Vitran. The November 12, 2014 declaration states, "As of January 1, 2014, and for some time before that date, Vitran did not operate any routes in Florida."[3] (Doc. 13-1 at 1) However, Section 14706(d)(1) concerns Vitran's

---

[1] Count I identifies only Section 14706, but Mainfreight's response clarifies that Count I alleges a claim under Section 14706(b).

[2] Another venue provision in the Carmack Amendment, Section 14706(d)(2) states, "A civil action under this section may be brought . . . in the judicial district in which [the] loss or damage is alleged to have occurred." The parties agree that the Middle District of Florida is not the district in which the loss occurred.

[3] When citing the Kuska declaration, Vitran states, "Vitran does not operate within the United States District Court for the Middle District of Florida." (Doc. 13 at 9) Vitran is admonished to avoid further false statements and mischaracterizations.

operations on October 28, i.e., the day Mainfreight filed the third-party complaint.[4] The statement that Vitran "did not operate" in Florida before January 1 is a negative pregnant with the affirmative — that Vitran operated in Florida after January 1, including October 28.

Mainfreight attaches two exhibits that evidence Vitran's recent Florida operations. Exhibit 2 is a November 5, 2013 notice to Vitran customers that states, "For our valued Vitran customers, your expanded coverage will include full state coverage into . . . Florida . . . ." (Doc. 14-2 at 1) More importantly, Exhibit 3 includes three bills of lading that document Vitran shipments to and from the Middle District of Florida (and four bills that document shipments to the Southern District of Florida). The latest of the shipments occurred on April 14, 2014, months before Mainfreight filed the third-party complaint. Thus, venue in the Middle District of Florida comports with Section 14706(d)(1).

**3. First to File**

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Central and Vitran identify *Central Transport, LLC, v. Mainfreight, Inc.*, No. 2:14-cv-6083, Doc. 1 (E.D. Pa. Oct. 24, 2014), a

---

[4] Perhaps Section 14706(d)(1) concerns July 25, 2014, i.e., the day the plaintiff filed the complaint. Using either day, the result in this action is the same.

complaint in a earlier-filed action that pends in another district. Review of the complaint reveals that *Central Transport* concerns the same parties (i.e., Central, Vitran, and Mainfreight) as this action and the same dispute (i.e., responsibility for the lost cargo) as this action. Accordingly, the "first-filed rule" applies to Mainfreight's third-party complaint.

"[T]he party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135. Citing a fifty-two-page exhibit, Mainfreight argues that Central and Vitran deliberately preempted this action by filing a declaratory judgment suit. However, Mainfreight cites no authority to suggest that a lost race to the courthouse is a "compelling circumstance," and research reveals no binding authority that supports Mainfreight's argument for an exception. Further, other circuits recognizing the exception hold that anticipatory litigation defeats the first-filed rule only if the first-filed action responds to "a specific, direct threat of litigation"; even litigation that is "clearly on the horizon" fails to invoke the exception. *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 276, 277 (2d Cir. 2008) (Wesley, J.). Review of the fifty-two-page exhibit — a tedious task — reveals neither a "specific, direct threat of litigation" nor a "compelling circumstance."[5]

---

[5] Mainfreight's refusal to pinpoint cite a correspondence bolsters the argument that no specific, direct threat of litigation preceded Central and Vitran's complaint.

## CONCLUSION

"Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action . . . ." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (Lourie, J.); *accord Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011) (Owen, J.) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (Cardamone, J.) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (Skinner, J.) (affirming a district court's dismissal under the first-filed rule).  Because the Carmack Amendment preempts three of Mainfreight's four counts and because the litigation in Pennsylvania will resolve the remaining count, Mainfreight's third-party complaint (Doc. 6) is **DISMISSED**.  The clerk is directed to terminate Central and Vitran.

ORDERED in Tampa, Florida, on February 12, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE