UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECH DATA CORPORATION,

    Plaintiff,

v.     CASE NO. 8:14-cv-1809-T-23MAP

MAINFREIGHT, INC., et al.,

    Defendants.
_____/

**ORDER**

Tech Data sues (Doc. 22) Mainfreight and Central Transport for damages arising from cargo lost during shipment. Against Central Transport, Tech Data alleges "breach of the Carmack Amendment under the Carmack Amendment" (Count III), breach of a bailment (Count IV), and negligence (Count V). Central Transport moves (Doc. 31) to dismiss each count.

**1. Count III**

Central Transport argues that the Carmack Amendment vests a cargo owner with a claim only against "receiving carriers" and against "delivering carriers" and that Tech Data has no Carmack Amendment claim against Central Transport, an "intermediate carrier." However, Count III describes Central Transport as a "delivering carrier" (Doc. 22 ¶ 41), and a motion to dismiss must accept "the

allegations in the complaint as true and construe them in the light most favorable to Plaintiffs." *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1223 (11th Cir. 2014).

Citing the complaint, Central Transport argues that Mainfreight is the delivering carrier. Central Transport infers that, because Mainfreight is a delivering carrier, Central Transport is not a delivering carrier. Even assuming only one defendant can qualify as a delivering carrier, the complaint is allowed to plead contradictory allegations. Under Rule 8(d)(3), Federal Rules of Civil Procedure, "[a] party may state as many separate claims . . . as it has, regardless of consistency." Thus, Tech Data is allowed to plead in one count that Mainfreight is the delivering carrier and plead in another count that Central Transport is the delivering carrier.

**2. Counts IV and V**

Central Transport argues that the Carmack Amendment preempts Counts IV and V. Central Transport's argument accords with *Smith v. United Parcel Service*, 296 F.3d 1244, 1246 (11th Cir. 2002), which holds that "the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." Thus, under *Smith*, 296 F.3d at 1248–49, "only claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption." Because Counts IV and V are state law claims "arising from" a failure in delivery and transportation and because neither count alleges conduct that is

"separate and distinct" form the loss of the cargo,[*] the Carmack Amendment preempts each state law count.

Tech Data responds that Counts IV and V are each an alternative to Count III, the claim under the Carmack Amendment. Tech Data states:

> Central cannot have it both ways and it cannot argue that preemption pursuant to the Carmack Amendment applies while at the same time it argues that the Carmack does not apply. It is illogical to claim preemption precludes a cause of action under a statutory scheme that it also claims does not apply as to Central.

(Doc. 39 at 5) Tech Data cites no precedent for support. Further, Tech Data's argument ignores the distinction between an inapplicable statute and an applicable statute that creates no cause of action. The Carmack Amendment governs this action (even if Central Transport is a connecting carrier), but the Carmack Amendment creates no claim for a cargo owner to allege against a connecting carrier. Instead, under the Carmack Amendment, a cargo owner may sue the receiving or delivering carrier for the fault of a connecting carrier. *CNA Insurance Co. v. Hyundai Merchant Marine Co.*, 747 F.3d 339, 353 (6th Cir. 2014) (Batchelder, J.), explains:

> Carmack's original premise is that the initial receiving carrier is liable for damage caused by the other subsequent carriers in the delivery chain. The current version of Carmack makes the final, or "delivering," carrier liable to the shipper as well. So, the aggrieved shipper need only sue the initial ("receiving") or final ("delivering") carrier and need not seek out the carrier actually at fault, nor must the plaintiff-shipper

---

[*] Count IV alleges that Central Transport "negligently failed to safeguard" the cargo. (Doc. 22 ¶ 44) Count V alleges that Central Transport negligently employed "untrustworthy" persons that lost the cargo, that Central Transport "act[ed] carelessly and recklessly" in holding the cargo, and that Central Transport "acted negligently" in responding to the loss of the cargo. (Doc. 22 ¶¶ 51–53)

> determine the circumstances by which the loss or damage actually occurred.

(internal quotation marks omitted). "Once liability is established, the defendant carrier may then seek to recover damages from the connecting carrier which had possession of the goods when loss was sustained." *Fine Foliage of Florida, Inc. v. Bowman Transp., Inc.*, 901 F.2d 1034, 1037 (11th Cir. 1990); *accord Mercer Transp. Co. v. Greentree Transp. Co.*, 341 F.3d 1192, 1197 (10th Cir. 2003) (Murphy, J.) ("If a carrier is held liable to the shipper under [the Carmack Amendment], it may, in turn, seek to recover from the carrier whose negligence caused the loss.").

## CONCLUSION

The Carmack Amendment applies in this action, and the allegations in the complaint are assumed true. But the Carmack Amendment vests the receiving or delivering carrier, not the cargo owner, with the right to recover from a negligent connecting carrier. Accordingly, Central Transport's motion (Doc. 31) to dismiss is **GRANTED IN PART**. Counts IV and V are **DISMISSED WITH PREJUDICE**, and Central Transport's motion (Doc. 31) is otherwise **DENIED**. No later than **APRIL 28, 2015**, Central Transport must answer Count III.

ORDERED in Tampa, Florida, on April 7, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE